```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                           TAMPA DIVISION
```

DERREL L. THOMAS,

        Plaintiff,

v.                        Case No.  8:07-cv-1902-T-33EAJ

HERNANDO COUNTY HOUSING
AUTHORITY, ET AL.,

        Defendant.
_____/

**ORDER**

This matter is before the Court on consideration of United States Magistrate Judge Elizabeth A. Jenkins' report and recommendation (Doc. # 82), filed on December 2, 2008, recommending that Plaintiff's affidavit of indigency, construed as a motion for leave to appeal in forma pauperis (Doc. # 81), be denied without prejudice.

On December 16, 2008, Plaintiff filed his pro se objection (Doc. # 83) to Judge Jenkins' report and recommendation.  Plaintiff asserts in his objection that his affidavit of indigency was sufficient and that he should have been granted leave to appeal informa pauperis.  This Court disagrees.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1);  Williams v.

Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).

In the absence of specific objections, there is no requirement that a district judge review factual findings de novo, Garvey v. Vaughn, 993 F.2d 776, 779 n. 9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions de novo, even in the absence of an objection. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994) (Table).

The Court determines that it is appropriate to overrule Plaintiff's objection (Doc. # 83) to the report and recommendation. As pointed out by Judge Jenkins, 28 U.S.C. § 1915 requires not only a statement that the Plaintiff "is unable to pay" filing fees but also a statement of "the nature of the action, defense, or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. 1915(a)(1).

In this case, Plaintiff provided information concerning his assets, but he did provide the Court with an adequate statement of the "nature of the action, defense, or appeal" as required by the relevant statute. With the information that

2

Plaintiff provided, this Court is simply unable to reach a determination as to whether Plaintiff's fees should be waived.

Accordingly, this Court adopts Judge Jenkins' report and recommendation and determines that the motion should be denied without prejudice. Plaintiff may re-file the motion if he so chooses.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) United States Magistrate Judge Elizabeth A. Jenkins' report and recommendation (Doc. # 82) is **ACCEPTED** and **ADOPTED.**

(2) Plaintiff's affidavit of indigency, construed as a motion for leave to appeal in forma pauperis (Doc. # 81), is **DENIED WITHOUT PREJUDICE.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>8th</u> day of January, 2009.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: counsel and parties of record

3